IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CR-75-109-1-C |
| ) | |
| LEONIDAS ROY FIELDS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking early compassionate release.  In support, Defendant states that he suffers from hypertension, anemia, and chronic kidney disease. Defendant argues these conditions increase his risk of complication should he contract COVID-19.  Defendant requests the Court to release him to home confinement.  Plaintiff has filed a Response to the Motion and the matter is now at issue.

As Plaintiff notes, the basis for Defendant's requested relief – 18 U.S.C. § 3582(c)(1)(A) – is inapplicable.  See United States v. Wilkins, 426 F. App'x 443, 445-46 (6th Cir. 2011) (collecting cases).  The Second Circuit explained the inapplicability of § 3582 to Defendant.

> Section 3582(c) thus applies only where a defendant has been sentenced to a term of imprisonment based on a sentencing range under the Sentencing Guidelines that the Commission has subsequently lowered.  The Sentencing Guidelines apply, however, only to offenses committed on or after November 1, 1987, see Pub.L. No. 100-182, § 2 (Dec. 7, 1987), 101 Stat. 1266, and defendants were sentenced for offenses committed in 1982 and 1983.  Since Section 2 of the Sentencing Act of 1987 provides that the SRA "shall apply only to offenses committed after the taking effect of this chapter," id., Section 3582(c)(2) clearly does not apply to defendants' sentences.

United States v. Argitakos, 862 F.2d 423, 424-25 (2d Cir. 1988).  Accordingly, the Court lacks jurisdiction to consider Defendant's request and it will be dismissed without prejudice.

Even if the Court had jurisdiction to consider Defendant's request for relief, it would be denied.  Section 3582(c)(1)(A) imposes three criteria to be considered when addressing a request for compassionate relief:  (1) filing requirements; (2) extraordinary and compelling reasons; and (3) that the reduction is consistent with the 18 U.S.C. § 3553 factors.  As Plaintiff notes, Defendant has failed to meet any of the three steps.  First, Defendant has not met the required step of exhausting administrative remedies.  Section 3582(c)(1)(A) requires an individual seeking relief to first file a request with the warden at the facility of incarceration.  If that request is denied or deemed denied, then and only then may relief be sought in court.  Here, Defendant admits that he did not make any attempt to obtain relief from the warden prior to seeking relief from the Court.  As for the second step, even if Defendant were found to have a serious health condition, he was offered and rejected the COVID-19 vaccine.   Thus, the Court finds Defendant cannot show extraordinary and compelling reasons.  Finally, the reduction requested by Defendant is not consistent with the 18 U.S.C. § 3553 factors.  As Plaintiff notes, the seriousness of Defendant's criminal conduct warrants a lengthy prison sentence.   Accordingly, even if the Court had jurisdiction to consider it, Defendant's request for Compassionate Release would be denied.

For the reasons set forth herein, Defendant's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018 (Dkt. No. 17) is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 4th day of March 2021.

ROBIN J. CAUTHRON
United States District Judge